UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| POINTE PROPERTIES, LLC, | ) Case No. 17-06729-JJG-7 |
| | ) |
| Debtor. | ) |

**TRUSTEE'S MOTION TO SELL CERTAIN PERSONAL PROPERTY
FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS
AND INTERESTS TO THE GOLF CLUB AT EAGLE POINTE, LLC**

Deborah J. Caruso, the chapter 7 trustee in this case (the "Trustee"), by counsel, pursuant to 11 U.S.C. §§ 105 and 363, and Rule 6004 of the Federal Rules of Bankruptcy Procedure, requests entry of an order authorizing the Trustee to sell certain personal property free and clear of all liens, encumbrances, claims and interests, to the Prevailing Bidder (defined below) at auction, on the following grounds:

## I. JURISDICTION

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief are sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## II. BACKGROUND

4. On September 5, 2017, Pointe Properties, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On November 3, 2017 (the "Conversion Date"), the case was converted to a chapter 7 case and the Trustee was appointed as interim trustee in the case pursuant to section 701(a)(1) of the Bankruptcy Code. The Trustee

became the case trustee in the bankruptcy case following the conclusion of the first meeting of creditors on December 19, 2017, pursuant to section 702(d) of the Bankruptcy Code.

5. The Debtor was formerly the owner of the Eagle Pointe Golf Resort in Bloomington, Indiana. The Eagle Pointe Golf Resort is an 18-hole golf course situated on approximately 128.54 acres and includes approximately 7 structures located on its premises (the "Real Estate") as well as various tangible personal property located on the Real Estate.

6. On September 14, 2017, Deaton's Mechanical Company, Inc. ("Deaton") gave notice of a purported mechanic's lien against the Real Estate, in the original principal sum of $19,440.30, in the Monroe County Recorder's Office, as Instrument No. 2017013003 (the "Deaton Mechanic's Lien"). The Deaton's Mechanic's Lien is in relation to the turn-key installation of an 8' x 10' walk-in keg cooler with box, refrigeration, keg racks (the "Cooler"). Subsequent thereto, the Trustee disputed the validity of the Deaton Mechanic's Lien as to the Real Estate.

7. On March 15, 2018, the Court entered its *Sale Order (I) Approving Procedures for the Sale of Real Estate and Certain Personal Property Located Thereon Free and Clear of All Liens, Encumbrances, Claims and Interests, (II) Approving the Sale of Such Assets, (III) Approving the Form and Manner of Sale and (IV) Scheduling an Auction* (the "Sale Order") [Doc 146], authorizing the Trustee to sell the Debtor's Real Estate, certain personal property, (collectively, the "Property") (all as described in the Sale Order) at auction pursuant to certain bid procedures. The Cooler was specifically excluded from the sale.

8. On April 16, 2018, pursuant to the Court-approved bid procedures, the Trustee conducted an auction for the sale of the Property. Following the conclusion of the Auction, the Trustee selected The Golf Club at Eagle Pointe, LLC as the prevailing bidder (the "Prevailing Bidder").

9. On April 19, 2018, the Court entered its *Order Approving Sale of Property to The Golf Club at Eagle Pointe, LLC as the Prevailing Bidder* (the "Sale Approval Order") [Doc 162], authorizing the sale of the Property to the Prevailing Bidder. The sale was closed on May 1, 2018.

10. After the closing, the Prevailing Bidder, the Trustee, US Income Partners, LLC ("USIP") and Deaton have reached an agreement for sale of the Cooler to the Prevailing Bidder. In addition, the Trustee has reached an agreement with the Prevailing Bidder for the sale of the following websites and social media pages:

    (a) http://www.eaglepointe.com
    (b) http://www.eaglepointegolfresort.net
    (c) Facebook page in the name of "Eagle Pointe Resort"

(collectively, the "Websites").

### III. RELIEF REQUESTED

11. The Trustee requests entry of an order, pursuant to sections 105 and 363 of the Bankruptcy and Bankruptcy Rule 6004, as follows:

(a) Authorizing the Trustee, on behalf of the Debtor's bankruptcy estate, to sell the Cooler and the Websites to the Prevailing Bidder for the total sum of $11,000 (the "Purchase Price");

(b) Directing the sale of the Cooler and Websites free and clear of all liens, encumbrances, claims and interests;

(c) Directing the sale of the Cooler and Websites be "AS IS, WHERE IS, WITH ALL FAULTS;"

(d) Authorizing the Trustee to execute any documentation necessary to effectuate the sale of the Cooler and Websites;

(e) Authorizing the Trustee to disburse the sale proceeds, first in the sum of $3,500 to USIP; second in the sum of $1,000 to the Debtor's bankruptcy estate for future distribution pursuant to orders of the Bankruptcy Court; and third, in the sum of $6,500 to Deaton.

3

## IV. GROUNDS FOR GRANTING RELIEF

12. Pursuant to section 363(f) of the Bankruptcy Code, a trustee may sell property pursuant to section 363(b) or (c) of the Bankruptcy Code, "free and clear of any interest in such property of an entity other than the estate" if any of the following conditions are satisfied: (a) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

13. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(2). Although section 363 of the Bankruptcy Code does not provide an express standard for determining whether a court should approve any particular proposed use, sale, or lease of estate property, case law consistently applies an "articulated business judgment" standard. *See In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991) (citing *In re Continental Air Lines*, 780 F.2d 1223, 1226 (5th Cir. 1986), *In re Naron & Wagner, Charted*, 88 B.R. 85, 88 (Bankr. D. Md. 1988)); *see also Colfin Bulls Funding A, LLC v. Paloian (In re Dvorkin Holdings, LLC)*, 2016 WL 1029387, at *12 (Bankr. N.D. Ill. Mar. 14, 2016) ("The Seventh Circuit has clarified that a trustee's justification warrants judicial approval if it 'makes good business sense' (i.e., if 'the creditors as a whole . . . benefit').") (citing *United Retired Pilots Ben. Prot. Ass'n v. United Airlines, Inc. (In re Ual Corp.)*, 443 F.3d 565, 571-72 (7th Cir. 2006)).

14. In addition, under section 363 of the Bankruptcy Code, a court should not substitute its business judgment for that of the trustee. *See e.g.*, *Stephens Indus., Inc. v. McClung*

*(In re McClung)*, 789 F.2d 386, 389-90 (6th Cir. 1986); *In re Highway Equip. Co.*, 61 B.R. 58, 60 (Bankr. S.D. Ohio 1986). Rather, the court is required to ascertain whether the trustee has articulated a valid business justification for the proposed transaction. *See, e.g.*, *Lewis v. Anderson*, 615 F.2d 778, 781 (9th Cir. 1979); *In re Schipper*, 109 B.R. 832, 836 (Bankr. N.D. Ill. 1989); *In re Airlift Int'l, Inc.*, 18 B.R. 787, 789 (Bankr. S.D. Fla. 1982) (recognizing congressional intent to limit Court involvement in business decisions by a trustee).

15. The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *See In re Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984). The key consideration is the Court's finding that a good business reason exists for the sale. *See McClung*, 789 B.R. at 389. However, the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See e.g.*, *In re Good Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re The Ohio Corrugating Co.*, 59 B.R. 11, 13 (Bankr. N.D. Ohio 1985); *In re Atlanta Packaging Prod., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988) ("It is a well-established principle of bankruptcy law that the objective of bankruptcy sales and the [debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate."); *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 769 (7th Cir. 2013) ("Once a firm is in Chapter 7 bankruptcy . . . it is 'owned' by the trustee . . . whose sole concern is with maximizing the net value of the debtor's estate to creditors . . . .").

16. Pursuant to Bankruptcy Rule 6004, "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1). A large measure of discretion is accorded a bankruptcy court in deciding whether a sale of a debtor's assets should be approved. *See In re Nicole Energy Servs.*, 385 B.R. 201, 230 (Bankr. S.D. Ohio

5

2008); *see also In re Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) (citing *In re Blue Coal Corp.*, 168 B.R. 553, 564 (Bankr. M.D. Pa. 1994)).

17. The Trustee submits that the sale of the Cooler is beneficial to the estate and will provide the estate with $1000 to assist in the payment of administrative expenses to file income tax returns. Resolving the dispute between USIP and Deaton will allow a sale of the Cooler, maximizing the value and benefiting the bankruptcy estate.

18. Section 363(f) of the Bankruptcy Code is satisfied as USIP and Deaton, the only parties with liens on the Cooler, have consented to the sale.

### V. NOTICE

19. The Trustee will serve a copy of this motion on the following: (a) the Office of the United States Trustee; (b) the Debtor's counsel; (c) counsel for USIP; (d) USIP; (e) Deaton; and (f) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

**NOTICE: Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to enter an order affecting the Agreement, or if you want the Court to consider your views on the motion, then on or before **June 26, 2018** (**21 days** from the date of service), you or your attorney must file with the Court a written objection explaining your position.

Those not permitted to file electronically must deliver any objection by U.S. mail, courier, overnight/express mail, or in person at:

> 116 U.S. Courthouse
> 46 East Ohio Street
> Indianapolis, IN 46204

If you mail your objection to the Court, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also send a copy of your objection to:

6

        Counsel for Deborah J. Caruso, Chapter 7 Trustee
        Rubin & Levin, P.C.
        135 N. Pennsylvania Street, Suite 1400
        Indianapolis, IN 46204

If you or your attorney do not take these steps, the Court may decide that you do not oppose an order affecting the Agreement.

**WHEREFORE**, the Trustee respectfully requests entry of an order: (i) authorizing the sale of the Cooler and the Websites to the Prevailing Bidder pursuant to Section 363 of the Bankruptcy Code, (ii) authorizing the Trustee to distribute $3500 to USIP, $6500 to Deaton and to retain $1000 to be distributed upon further order of the Bankruptcy Court; and (iii) granting the relief requested herein and granting the Trustee all other just and proper relief.

        Respectfully submitted,

        RUBIN & LEVIN, P.C.

        By:*/s/ Deborah J. Caruso*
           Deborah J. Caruso

        Deborah J. Caruso (Atty. No. 4273-49)
        John C. Hoard (Atty. No. 8024-49)
        Meredith R. Theisen (Atty. No. 28804-49)
        RUBIN & LEVIN, P.C.
        135 N. Pennsylvania Street, Suite 1400
        Indianapolis, Indiana 46204
        Tel: (317) 634-0300
        Fax: (317) 263-9411
        Email:  dcaruso@rubin-levin.net
                johnh@rubin-levin.net
                mtheisen@rubin-levin.net
        Attorneys for Deborah J. Caruso, Trustee

## CERTIFICATE OF SERVICE

     I hereby certify that on June 5, 2018, a copy of the foregoing *Motion to Sell Certain Personal Property Free and Clear of All Liens, Encumbrances, Claims and Interests to the Golf Club at Eagle Pointe, LLC* was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Dean Carpenter    scarpenter1@dor.in.gov
Deborah Caruso    dcaruso@rubin-levin.net, dwright@rubin-levin.net;jkrichbaum@rubin-levin.net;atty_dcaruso@bluestylus.com

Deborah J. Caruso    trusteecaruso@rubin-levin.net, DJC@trustesolutions.net
Ben T. Caughey    ben.caughey@merchocaughey.com
Howard Russell Cohen    hcohen@fbtlaw.com, dfreeze@fbtlaw.com
Laura A DuVall    Laura.Duvall@usdoj.gov, Catherine.henderson@usdoj.gov
John C. Hoard    johnh@rubin-levin.net, jkrichbaum@rubin-levin.net;atty_jch@trustesolutions.com
John R. Humphrey    jhumphrey@taftlaw.com, aolave@taftlaw.com
Robert William Jonas    rwj@hajlaw.com
Edward M King    tking@fbtlaw.com, lsugg@fbtlaw.com;tking@ecf.inforuptcy.com
David R. Krebs    dkrebs@hbkfirm.com, dadams@hbkfirm.com
James G. Lauck    jgl@kgrlaw.com, kmw@kgrlaw.com
Michael P. O'Neil    moneil@taftlaw.com, aolave@taftlaw.com
Angela F. Parker    angela@carminparker.com, mindy@carminparker.com
John W. Richards    jwr@lawbr.com, cjdolson@lawbr.com
Sean Robert Roth    Sean.R.Roth@msth.com
Jonathan David Sundheimer    jsundheimer@btlaw.com
Steven P. Taylor    sptaylor@bankruptcyoffice.net, ecfdocket@bankruptcyoffice.net;ecfdocket@gmail.com;joey.cox@bankruptcyoffice.net;officelr69157@notify.bestcase.com
Meredith R. Theisen    mtheisen@rubin-levin.net, atty_mtheisen@bluestylus.com;mralph@rubin-levin.net
U.S. Trustee    ustpregion10.in.ecf@usdoj.gov

      I further certify that on June 5, 2018, a copy of the foregoing *Motion to Sell Certain Personal Property Free and Clear of All Liens, Encumbrances, Claims and Interests to the Golf Club at Eagle Pointe, LLC* was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

| | | |
|---|---|---|
| Monroe County Treasurer<br>100 W. Kirkwood Avenue<br>Bloomington, IN 47404 | US Income Partners, LLC<br>3445 Winton Place, Suite 228<br>Rochester, NY 14623 | Nicholson-Williams, Inc.<br>d/b/a Coldwell Banker<br>Commercial Benchmark<br>c/o Willard DJR Nicholson,<br>Registered Agent<br>4348 Southpoint Blvd. #310<br>Jacksonville, FL 32216 |
| South Central Regional<br>Sewer District<br>528 N. Walnut Street<br>Bloomington, IN 47404 | Shelby Gravel, Inc. d/b/a<br>Shelby Materials<br>P.O. Box 242<br>Shelbyville, IN 46176 | Shelby Gravel, Inc. d/b/a<br>Shelby Materials<br>c/o Aaron Haehl, Registered Agent<br>157 E. Rampart Street<br>Shelbyville, IN 46176 |
| Deaton's Mechanical<br>Company, Inc.<br>1435 Brookville Way Suite J<br>Indianapolis, IN 46239 | Natalie Slagle<br>c/o David Joseph Barker<br>650 N. Rangeline Road<br>Carmel, IN 46032 | M. Michael Stephenson<br>McNeely Stephenson<br>2150 Intelliplex Drive<br>Shelbyville, IN 46176 |

8

| | | |
|---|---|---|
| Jeff Heinzmann<br>Heinzmann Law Office LLC<br>P.O. Box 336<br>Fishers, IN  46038 | Deaton's Mechanical<br>Company, Inc.<br>c/o Gary W. Deaton,<br>Registered Agent<br>4355 N. S.R. 9<br>Greenfield, IN 46140 | Harrell-Fish, Inc.<br>c/o Joseph R. Fuschetto &<br>Joseph Daniel O'Connor<br>Bunger & Robertson<br>226 South College Ave.<br>P.O. Box 910<br>Bloomington, IN 47402 |
| Harrell-Fish, Inc.<br>c/o David E. Conner,<br>Registered Agent<br>2010 Vernal Pike<br>Bloomington, IN 47402 | Indiana Department of<br>Revenue<br>Bankruptcy Section, MS108<br>100 N. Senate Ave., N240<br>Indianapolis, IN 46204 | Shelby Materials<br>5156 N. Indianapolis Rd.<br>Columbus, IN  47203-9439 |

and attached matrix.

*/s/ Deborah J. Caruso*
Deborah J. Caruso

G:\WP80\TRUSTEE\Caruso\Pointe Properties, LLC - 86740901\Drafts\Mtn to Sell Cooler.docx

```
Label Matrix for local noticing          4031 S Jamie Lane                         4031 S. Jamie Lane
0756-1                                   4031 S. Jamie Lane                        Bloomington, IN 47401-9325
Case 17-06729-JJG-7A                     Bloomington, IN 47401-9325
Southern District of Indiana
Indianapolis
Fri Jun  1 09:31:11 EDT 2018

ADVANCED TURF SOLUTIONS                  AQUATIC SERVICES OF INDIANA               (c)ARTISTIC MEDIA PARTNERS, INC.
12955 FORD DR.                           1668 OLD STATE ROAD 37                    5530 E 75TH ST
FISHERS, IN 46038-2899                   GREENWOOD, IN 46143-5610                  INDIANAPOLIS IN  46250-2610


Acushnet Company                         Adrea Simmerman                           BLEDSOE TAPP & RIGGERT
Attn: Kate Benner                        2210 Avoca Eureka Road                    1351 W. TAPP RD.
PO Box 965                               Bedford, IN 47421-8412                    BLOOMINGTON, IN 47403-3238
Fairhaven, MA 02719-0965


Bielski Law LLC                          CURRY AUTO CENTER, INC                    Calvin Kit Klingelhoffer
608 East Market Street                   2906 BUICK CADILLAC BLVD                  4802 Luxbury Drive
Indianapolis, IN 46202-3807              BLOOMINGTON, IN 47401-5444                Bloomington, IN 47401-8586


Central Products LLC                     Chris Druckrey                            Cobra PUMA Golf, Inc.
7750 Georgetown Road                     4002 Little Creek Dr                      Coface North America Insurance Company
Indianapolis, IN 46268-4135              Spencer, IN 47460-5087                    50 Millstone Rd., Bldg. 100, Ste. 360
                                                                                   East Windsor, NJ 08520-1415


Cornwell Communications                  Craig N Smith                             Duke Energy
c/o The Koch Law Firm, P.C.              4031 S Jamie Ln                           550 S Tryon Street
PO Box 1030                              Bloomington, IN 47401-9325                DEC45A - Legal Bankruptcy
Bloomington, IN 47402-1030                                                         Charlotte, NC 28202


GOLF PRODUCTS INC.                       Gordon Flesch Company, Inc                INDIANA DEPARTMENT OF REVENUE
625 ALLENHURST CIRCLE,                   2675 Research Park Dr                     BANKRUPTCY SECTION, MS108
CARMEL, IN 46032-8208                    Fitchburg, WI 53711-4906                  100 N. SENATE AVE., N240
                                                                                   INDIANAPOLIS, IN 46204-2231


INDIANA POOLS AND SPAS                   Indiana University                        Jamie N Haywood
1206 S. WALNUT ST                        Office of the VP & General Counsel        109
BLOOMINGTON, IN 47401-5818               107 S. Indiana Ave, Bryan Hall 211        Martinsville, IN 46151
                                         Bloomington, IN 47405-7000


John Kyle Cade                           Jordan Williams                           Joseph Wheeler
602 Sherwood Hills Dr                    9411 So Pointe LaSalle DR                 1145 W Main Street
Bloomington, Indiana                     Bloomington, IN 47401-9024                Mitchell, IN 47446-1229
47401
Bloomington, IN 47401-8164


Kevin Merriman dba Bloomington Heating & Coo   Matt Englert                        Monroe County Treasurer
c/o The Koch Law Firm, P.C.              9668 South Bay Pointe Dr                  100 W. Kirkwood Ave. Rm 204
PO Box 1030                              Bloomington, IN 47401-8140                Bloomington, IN 47404-5143
Bloomington, IN 47402-1030
```

| | | |
|---|---|---|
| Natalie Slagle<br>P.O. Box 265<br>Westfield, IN 46074-0265 | Professional Golfcar Corporation<br>255 Robert Curry Drive<br>Martinsville, IN 46151-8079 | Rebecca LaBrash<br>9435 S. Pointe LaSalles Dr.<br>Bloomington, IN 47401-9024 |
| SHELBY MATERIALS<br>5165 N. INDIANAPOLIS RD<br>COLUMBUS, IN 47203-9439 | SUTTON GARTEN CO.<br>901 N. SENATE AVE.<br>INDIANAPOLIS, IN 46202-3000 | Smithville Communications<br>c/o John R. Humphrey<br>Taft Stettinius & Hollister LLP<br>One Indiana Square, Suite 3500<br>Indianapolis, IN 46204-2023 |
| Sowders Landscaping, Inc.<br>c/o Angegla F. Parker, CarminParker, PC<br>116 W. 6th Street, Suite 200<br>Bloomington, IN 47404-3927 | Sysco Indianapolis, LLC<br>c/o Darryl S. Laddin<br>Arnall Golden Gregory LLP<br>171 17th Street NW, Suite 2100<br>Atlanta, GA 30363-1031 | TABOR BRUCE ARCHITECTURE & DESIGN<br>1101 S. WALNUT ST<br>BLOOMINGTON, IN 47401-5823 |
| TRML Eagle Point LLC<br>c/o Ben T. Caughey<br>MERCHO CAUGHEY<br>828 E. 64th Street<br>Indianapolis, IN 46220-1175 | The CIT Group/Commercial Services Inc<br>134 Wooding Avenue<br>Danville, VA 24541-3763 | U.S. Dept. of Labor<br>Wage & Hour Division<br>135 N. Pennsylvania Street, Suite 700<br>Indianapolis, IN 46204-2483 |
| US Income Partners, LLC<br>3445 Winton Place Suite 228<br>Rochester, NY 14623-2950 | United States Trustee<br>101 West Ohio Street, Suite 1000<br>Indianapolis, IN 46204-1990 | |

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

| | |
|---|---|
| ARTISTIC MEDIA PARTNERS, INC.<br>5520 E 75TH STREET<br>INDIANAPOLIS, IN 46250 | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients     0<br>Total                  43 |